IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GREGORY LUCAS PENA | § | |
| VS. | § | CIVIL ACTION NO. 1:11-CV-360 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant, Gregory Lucas Pena, an inmate at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, filed these proceedings pursuant to 28 U.S.C. § 2255.

The Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Movant filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Movant objects to the finding by the Magistrate Judge that the plea and waiver of the right to appeal and seek post-conviction relief was knowing and voluntary. Movant contends counsel was ineffective for failing to communicate to plaintiff a prior plea offer of 168 months which allegedly resulted in movant being "coerced by counsel" in accepting the second plea offer of 240 months. However, as the Report and Recommendation of United States Magistrate Judge outlined, movant's guilty plea complied with Rule 11 of the Federal Rules of Criminal Procedure and the United States Constitution. Furthermore, at the sentencing hearing, movant was

admonished several times as to the agreed recommended sentence of 240 months and ultimately agreed to it. He was allowed time to confer with his counsel when he expressed concern over his agreement with the 240 months and never mentioned during the hearing, even when asked by the Court directly if he agreed to the term of 240 months, that his counsel switched a signature page or otherwise impliedly switched the substantive portions of the post-plea agreement. As the Magistrate Judge correctly concluded, the record evidence in this case refutes movant's allegation that his plea or waiver was involuntary. Movant was given the opportunity to abandon the post-plea agreement and chose not to do so. Based on the foregoing, the plea and waiver of the right to appeal and seek post-conviction relief was knowing and voluntary and movant's objections are overruled.

ORDER

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the 11 day of **September, 2012.**

_____
Thad Heartfield
United States District Judge